NETTIE J. KIRKPATRICK ET AL., APPELLANTS, V. EMMANUEL
G. SCHAAL, APPELLEE.

FILED DECEMBER 7, 1906.   No. 14,540.

Deed: CONSTRUCTION.   A deed purporting to convey a half of a govern-
ment quarter section of land that has not been previously sub-
divided by plat or survey, or otherwise, is operative as a convey-
ance of a quantitative half of the tract without regard to the
rules of the United States land department with reference to the
subdivision of such tracts.

APPEAL from the district court for Sarpy county: ALEX-
ANDER C. TROUP, JUDGE.   Affirmed.

H. Z. Wedgwood, for appellants.

George A. Magney, contra.

AMES, C.

The northeast quarter of section 3, in township 12,
range 11, Sarpy county, as the same was surveyed and
platted by the United States government, contains 164.85
acres.   The government did not plat or survey this quarter
section into halves or quarters, and at the time of the trans-
action hereinafter discussed there was no plat or survey
of it except that above mentioned.   In 1897 Milton G.
Armes was the owner and in possession of it, and in July
of that year executed and delivered to the defendant,
Emmanuel G. Schaal, a warranty deed purporting to con-
vey to the latter the "south half" of said quarter section,
and thereupon the latter, with the knowledge and consent
of his grantor, went into, and has since remained in, pos-
session of the south half in quantity of the tract, to wit,
82.425 acres, and has continuously since said time culti-
vated and claimed the whole thereof as his own.   In 1901
Armes executed and delivered to Kirkpatrick a warranty
deed purporting to convey to him the "north half" of said
quarter section.   At and since the time of the execution of

this latter deed there was and has been a fence, erected by the common grantor, extending easterly and westerly across the tract at a place a rod or so north of where a divisional line would have separated the tract into two exact halves, so that Kirkpatrick did not come into actual possession of quite one-half of the ground; but it was not claimed by either party that the fence was intended to be or was upon the divisional line between their respective properties. It is well understood that a quarter section of land by government survey ordinarily contains 160 acres of land, but that on account of inaccuracies in surveying certain sections upon the north or east boundary of a township may contain more or less than that quantity, and this fact accounts for the 4.85 acres of "surplus" land in the quarter section in question. The regulations of the United States land department provide that, when in such cases the government surveyor subdivides a quarter section, the excess or deficiency so arising shall accrue to or be taken from the north or west half, or both, as the case may be, of the tract. Hence arose a controversy between the plaintiffs and the defendant with respect to the ownership of the above mentioned 4.85 acres, Kirkpatrick claiming the whole, and Schaal claiming half of it. But, as we have said, the land had not been subdivided by survey or plat. This action was begun in ejectment by the successors in title of Kirkpatrick to recover the 4.85 acre strip. The defendant answered by cross-bill, pleading the foregoing facts and praying a decree quieting his title in one-half the tract. There was an express waiver of a jury and a trial to the court, who found in favor of the defendant and rendered judgment according with his prayer. The plaintiffs appealed.

We can discover no error. The conveyance to the defendant was first in time and was half of an undivided quarter section of land. Presumably the reference was to quantity which was ascertainable and capable of being rendered certain, rather than to a regulation of the United States land department, of which both parties may have

been ignorant, and with which no compliance had been, or thereafter could have been, attempted. The defendant was put in peaccable possession, or, as the older lawyers would have said, had "livery" of a quantitative half, and thereafter continued to occupy and enjoy it.

It will hardly be contended that his grantor could have ousted him of any part of it, and if he could not have done so, his subsequent grantee, who merely succeeded to his remaining rights, was equally powerless. There is some oral evidence of what was said and done by the parties at and subsequently to the time of the transaction which may, perhaps, tend to support the foregoing conclusion, but there is doubt about its competency or admissibility, and we have excluded a consideration of it as well from our opinion as from our decision.

We recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.